{¶ 20} I respectfully dissent.
 {¶ 21} The majority contends that based upon information in the presentence report, Sampson had the future ability to pay restitution in the amount of $8,183.85 to Cleveland Motorcycle for lost revenue. I disagree.
 {¶ 22} A review of the presentence report does not establish that Sampson will be able to pay such a large amount of restitution. The presentence report indicates the following: as a juvenile, Sampson was involved in seven separate incidents that resulted in charges being filed in juvenile court; in his adult life, Sampson amassed thirteen convictions for various crimes; his entire life has been chaotic and infected with drug and alcohol abuse; the court psychologist, after diagnosing Sampson as cocaine dependent with a pattern of alcohol abuse and suffering from anti-social personality disorder, did not recommend treatment, noting that it would almost certainly fail; although he completed high school, he has not held a steady job in his entire life; and his most recent job paid a little over $6.00 per hour, a paltry amount for a 44 year old man.
 {¶ 23} In addition, Sampson filed an affidavit of indigency on January 10, 2007, indicating that he had no income whatsoever as well as no assets. Due to his indigence, he qualified for the appointment of the public defender's office. Sampson is now serving a five-year prison term. For purposes of employment, his convictions and sentence will follow him after he is released from prison and tries to reenter society. It is *Page 7 
highly unlikely that Sampson can now or will ever be able to pay a restitution order as large as the one ordered here. The evidence presented, including his indigency status, prison sentence, and long-term drug and alcohol addictions, does not support the trial court's finding that he has a present or future ability to pay $8,183.85 in restitution. See State v. Dearing, 6th Dist. No. L-02-1050, 2003-Ohio-2524, at ¶ 6. The court is not a collection agency and there is no debtor's prison in this country. See State v. Northam (Sept. 30, 1999), 10th Dist. No. 98AP-1592, 1999 Ohio App. LEXIS 4615, at 9.
 {¶ 24} For the foregoing reasons, I respectfully dissent. *Page 1